FLOYD E. CLAPP AND WIFE, MYRTLE CLAPP, GRADY W. CLAPP AND WIFE, ANNIE CLAPP, AND GRADY W. CLAPP, ADMINISTRATOR OF THE ESTATE OF D. D. A. CLAPP, DECEASED, v. ERNEST E. CLAPP AND WIFE, CARRIE CLAPP, VICK CLAPP (SINGLE), HATTIE CLAPP FRIDDLE AND HUSBAND, CLYDE FRIDDLE, HARVEY CLAPP AND WIFE, BESSIE CLAPP, VERDA CLAPP (SINGLE), LUCILLE CLAPP SHANKLIN AND HUSBAND, CLAUDE SHANKLIN, AND NANCY M. CLAPP (WIDOW).

(Filed 15 December, 1954.)

**1. Wills § 4: Frauds, Statute of, § 9—**

An oral contract to convey or devise real estate is void by reason of the Statute of Frauds. G.S. 22-2.

**2. Pleadings § 13—**

New matter set up by answer not relating to a counterclaim, G.S. 1-159, or new matter relating to a counterclaim not actually served on plaintiff, G.S. 1-140, will be deemed as generally denied by operation of law.

**3. Partition § 4a—**

The defense of sole seizin set up in the answer to a petition for partition stands denied by operation of law as effectively as if specific denial had been interposed by formal reply.

**4. Partition § 4b—**

Defendants' answer to the petition for partition claimed sole seizin by virtue of an alleged contract under which the ancestor agreed upon a valid consideration to convey or devise the land to defendants. Upon the hearing, defendants admitted that they had no writing to support the alleged agreement to convey or devise, but stated they intended suing for breach of the agreement. *Held:* The judicial admission effectively removes the defense from the field of issuable matters, since the alleged agreement is void under the Statute of Frauds, and it was not required that the clerk transfer the issue to the civil docket. G.S. 1-399.

**5. Pleadings § 25½—**

A solemn judicial admission effectively removes the fact admitted from the field of issuable matters.

**6. Partition § 4d: Executors and Administrators § 13a—** ·

Where, in a proceeding for the sale of lands to make assets to pay debts of the estate and for partition among the heirs at law, it is denied that the decedent left no personal funds with which to pay debts, but admitted that the lands could not be actually divided without injury to all or some ·of the tenants in common, order of sale for partition is proper. The court must then determine whether decedent left a personal estate, and may direct that the proceeds of sale be converted into assets to pay debts only if it is determined that the decedent left no personal estate or that the personalty is insufficient to pay the debts. G.S. 28-81 *et seq.*, G.S. 46-22, G.S. 1-276.

**7. Executors and Administrators § 13b—**

Where the petition for sale of lands to make assets with which to pay debts of the estate alleges that the decedent left no estate so far as could be ascertained, it is sufficient on this aspect, and demurrer on the ground that the petition failed to set forth the value of the estate, as near as may be ascertained, and the application thereof, is properly overruled.

APPEAL by defendants from *Clarkson, J.,* at 31 May, 1954, Regular Term of GUILFORD.

Special proceeding to sell the landed estate of D. D. A. Clapp, deceased, for the purpose of making assets with which to pay her debts and for partition.

In addition to other jurisdictional facts required by G.S. 28-86, the plaintiffs allege in substance:

1. That the decedent "left no personal estate so far as can be ascertained . . . with which to satisfy and discharge her . . . debts, . . ."

2. That the amount of the debts of the decedent is approximately $750.

3. That the decedent's landed estate, consisting of a single tract, is valued on the tax books at $2,060, but will sell for a sum substantially in excess of the tax valuation.

4. That while the parties to the proceeding, the owners of the land, desire to hold their interests therein in severalty, actual partition cannot

be made without injury to some or all of them, and that a sale for partition is necessary.

The defendants answered, denying the nonexistence of personal property sufficient to pay the debts, but admitting that actual partition of the land cannot be made without injury to some or all of the owners thereof. The defendants also interposed the plea that a 55-acre portion of the land is owned in fee simple by the defendant Vick Clapp by virtue of an agreement by which the decedent during her lifetime agreed, for a valuable consideration, "to pass, convey, devise or give the home tract of . . . approximately 55 acres to . . . Vick Clapp."

When the cause came on for hearing before the Clerk, the defendants requested permission to present evidence in support of the issues raised by the pleadings. Whereupon the Clerk inquired of the defendants' counsel if he had any written contract or document to evidence conveyance or devise of the land claimed by Vick Clapp. To the inquiry the record discloses: "counsel answered 'no' but stated he intended to bring suit against the estate of D. D. A. Clapp, deceased, for breach of a contract to convey or devise the real estate referred to in defendants' answer." Thereupon the defendants' motion was overruled and judgment was entered appointing a commissioner and directing sale of all the land described in the petition. The defendants excepted and appealed to the Superior Court.

When the cause came on for hearing before Judge Clarkson, the defendants through counsel admitted in open court that there was no "written contract or document to convey or devise any of the real estate" claimed by the defendant Vick Clapp. Whereupon Judge Clarkson entered judgment dismissing the defendants' appeal and affirming in all respects the judgment previously entered by the Clerk.

The defendants appeal.

*Frazier & Frazier and Chas. M. Ivey, Jr., for petitioners, appellees.*

*Henderson & Henderson and Robert S. Cahoon for defendants, appellants.*

JOHNSON, J. An oral contract to give or devise real estate is void by reason of the statute of frauds, G.S. 22-2, which provides that "all contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing . . ." *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331; *Daughtry v. Daughtry,* 223 N.C. 528, 27 S.E. 2d 446; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477. *Cf. Clark v. Butts,* 240 N.C. 709, 83 S.E. 2d 855. And it is settled law that a party may rely on the statute of frauds under a general denial. *Luton v. Badham,* 127 N.C. 96, 37 S.E. 143; *Winders v. Hill,* 144 N.C.

614, 57 S.E. 456; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561.

Also, it is provided by statutes that new matter set up by answer, not relating to a counterclaim (G.S. 1-159), or new matter relating to a counterclaim not actually served upon the plaintiff (G.S. 1-140), will be deemed as generally denied by operation of law. *Askew v. Koonce,* 118 N.C. 526, 24 S.E. 218; *Smith v. Brulon,* 137 N.C. 79, 49 S.E. 64; *Miller v. Grimsley,* 220 N.C. 514, 17 S.E. 2d 642; McIntosh, N. C. Practice and Procedure, section 478.

Accordingly, the defendants' plea of sole seizin as to the 55-acre home tract, set up as new matter in the answer, stood denied by operation of law as effectively as if specific denial had been interposed by formal reply.

And conceding as we may that the plea of sole seizin raised an issue of fact and conferred on the defendants the right to require the Clerk to transfer the cause to the civil issue docket for jury trial (G.S. 1-399), nevertheless, it would seem that the issue of fact so raised was eliminated and the necessity for jury trial removed when the defendants conceded by solemn admission, first made to the Clerk and later reiterated in response to an inquiry of the presiding Judge in term time, that their plea of sole seizin is not supported by any written contract or document to convey or devise the land claimed. A judicial admission, like the one here made, effectively removes the admitted fact from the field of issuable matters. Wigmore on Evidence, Third Edition, Vol. IX, sections 2588, 2590, and 2594; Stansbury, North Carolina Law of Evidence, sections 166 and 167; 20 Am. Jur., Evidence, sections 557 and 592.

Therefore, in view of the defendants' disclosure to the court, amounting to a judicial admission, that their claim of sole seizin is within the statute of frauds and for that reason void, the judgment of the Clerk, as approved by the presiding Judge, directing sale of all the land is free of prejudicial or reversible error and will be upheld.

We have not overlooked the defendants' denial of plaintiffs' allegation that the decedent left no "personal estate . . . with which to satisfy and discharge her . . . debts . . ." On the pleadings as presently cast, this denial raised a question of fact on which the defendants are entitled to be heard and to offer evidence. And unless and until this question be determined adversely to the defendants, the court below may not convert the proceeds to be derived from the sale of the land into assets for the purpose of paying the debts of the decedent. This is necessarily so for the reason that ordinarily realty may not be sold until the personalty has been shown to be insufficient to pay the debts of the decedent and the costs and charges of administration. *Parker v. Porter,* 208 N.C. 31, 179 S.E. 28; *Moseley v. Moseley,* 192 N.C. 243, 134 S.E. 645.

However, in the case at hand the petition alleges, and the judgment as entered decrees, that the land be sold for the dual purpose of making assets under G.S. 28-81 *et seq.,* and for partition under G.S. 46-22, and it is noted that the answer admits the land sought to be sold is incapable of actual partition without injury to some or all of the parties interested. Therefore, with the plea of sole seizin eliminated from the case by judicial admission, the plaintiffs were entitled upon the allegations of the pleadings to sale for partition. The judgment below will be treated as having been entered for that purpose, and as so modified will be affirmed.

Pending the sale, or final confirmation thereof, the court, pursuant to G.S. 1-276, may hear the question whether the decedent left a personal estate and, if so, proceed to determine the application thereof to the payment of her debts.

The defendants demurred *ore tenus* in this Court for failure of the petition to state facts sufficient to constitute a cause of action. The demurrer has been considered. It is without merit. The challenge is that the "petition fails to set forth . . . as required by G.S. 28-86 . . . the value of the personal estate, as near as may be ascertained and the application thereof." The plaintiffs' allegation that the decedent "left no personal estate so far as can be ascertained . . .," suffices to overthrow the demurrer.

Modified and affirmed.