JAMES W. PARTIN AND WIFE, SUSAN S. PARTIN; WORTH WINEBARGER AND WIFE, REBECCA WINEBARGER; BROWN OSBORNE AND WIFE, JENNIFER B. OSBORNE; AND BRUCE CHURCH AND WIFE, PEGGY S. CHURCH v. DALTON PROPERTY ASSOCIATES

No. 9317SC23

(Filed 7 December 1993)

### Partition § 61 (NCI4th) — sale of land ordered — failure to make required findings — order reversed

The trial court's order requiring the sale of two tracts held by the parties as tenants in common must be reversed where the trial court failed to make the required findings of fact that actual partition would result in one of the cotenants receiving a share with a value materially less than the value of the share he would receive were the property partitioned by sale and that actual partition would materially impair a cotenant's rights. N.C.G.S. § 46-22.

### Am Jur 2d, Partition §§ 194 et seq.

Appeal by respondent from order entered 23 September 1992 in Surry County Superior Court by Judge James C. Davis. Heard in the Court of Appeals 18 November 1993.

*Francisco & Merritt, by H. Lee Merritt, Jr., for petitioner-appellees.*

*Daniel J. Park for respondent-appellant.*

GREENE, Judge.

Dalton Property Associates (respondent) appeals from an order to sell two tracts of real property entered 4 October 1992 in the Superior Court of Surry County.

In August, 1988, James W. Partin and his wife, Susan S. Partin, Worth Winebarger and his wife, Rebecca Winebarger, Brown Osborne and his wife, Jennifer B. Osborne, Bruce Church and his wife, Peggy S. Church (collectively referred to as petitioners), and George W. Crater and his wife, Shannon S. Crater, purchased, as tenants in common, two tracts of real property in Surry County. The first tract consists of 400 acres bounded on the west by Haystack Road, a public road which is the only public access to the property.

The second tract consists of 34 acres to which there is no means of access, but which adjoins other property owned by respondent. In December, 1989, respondent acquired by deed the one-fifth interest of George W. and Shannon S. Crater in the two tracts of land.

On 6 February 1992, petitioners filed a petition with the Clerk of the Surry County Superior Court asking that the property be sold. After a hearing, the Clerk made the following findings of fact and conclusion of law:

> 3. The subject property is unimproved. The terrain of the property is mountainous in that much of the land is steep and rocky.

> 4. Petitioner, BROWN OSBORNE, has conducted a magnetic boundary survey of the subject property. No other boundary survey of the subject property has been performed. According to the survey plat prepared by petitioner, BROWN OSBORNE, the boundary of the subject property is very irregular. The exact location of the boundary of the subject property is not well established.

> 5. The subject property has a direct means of access to it along a public road known as Haystack Road. There are no other known means of access to the subject property. There are no roads which traverse the subject property.

> 6. Portions of the subject property are practically inaccessible as a result of the steepness of the terrain. Other portions of the property are accessible, but only by use of a four-wheel drive vehicle.

> 7. The subject property consists of two tracts. The smaller of the two tracts is completely land-locked and is not contiguous with the larger tract.

> 8. The actual division of the subject property into five (5) equally valued shares would require a substantial expenditure of funds for surveys. The boundaries of the entire tract would need to be clearly established. The cost of a boundary survey and division of the property into equally valued parcels would be substantial.

> Based upon the foregoing findings of fact, the court concludes by the preponderance of the evidence that an actual

partition of the subject property cannot be made without substantial injury to the co-tenants.

The Clerk then entered an order that the property be sold. Respondent, pursuant to N.C. Gen. Stat. § 1-276 (1983), appealed the Clerk's order to the superior court for a trial de novo.

In the superior court, the trial judge asked respondent to present evidence "as to how this property might be divided and accessible without the necessity of a sale." Prior to hearing any evidence in this proceeding, the court further stated:

> I will tell you at this time I don't—I will listen to any reason that either of you might be able to show as to why [the property] should not be sold. But I don't know how you going to ever divide this property . . . one fifth to each of the five parties and the people be able to get into it without costing them an arm and a leg; in fact, costing them far more than the value of the property just to put a road in there. Now that's where we stand. So if you folks want to present evidence as to a division of this property I will hear the division.

Respondent presented evidence that the land's best use was for recreational purposes, that Haystack Road and the existing logging road were suitable for such purposes, that the value of the land was essentially equal throughout, and that the property could be surveyed and partitioned for between $14,000 and $16,000. Petitioners then presented evidence that the logging road was insufficient in that it was too narrow and at points too steep to be easily passable, that the acreage nearest to Haystack Road was worth roughly $700 per acre while the acreage at the eastern end of the property was worth $200 or $400 per acre depending on whether there was a means of access to the property, that there are at least six lappage concerns because property included in the tract was also claimed by adjoining landowners, and that a survey of the property would cost between $30,000 and $40,000. Neither party presented any evidence as to the current value of the land at the time of trial, nor as to what the value of the land would be were it to be actually partitioned.

The court adopted the findings of fact of the Clerk of the Superior Court, concluded as a matter of law that by the preponderance of the evidence an actual partition of the property

could not be had without substantial injury to the cotenants, and ordered the sale of the property.

---

The issue presented is whether the trial court made sufficient findings of fact to support ordering a partition by sale.

We initially note that the record does not contain a certificate of service of the notice of appeal. Although this is grounds for dismissal of the appeal, *see Hale v. Afro-American Arts International, Inc.*, 110 N.C. App. 621, 623-24, 430 S.E.2d 457, 458-59 (1993) and N.C. R. App. P. 26(d) (1993), this Court in its discretion will treat the appeal as a petition for certiorari.

· A petition for partition of land held by tenants in common is a special proceeding, and the question of whether a partition should be granted is a matter for the court, rather than a jury, to decide. *Brown v. Boger*, 263 N.C. 248, 255, 139 S.E.2d 577, 582 (1965). A tenant in common is entitled, as a matter of right, to an actual partition of the land. *Kayann Properties, Inc. v. Cox*, 268 N.C. 14, 19, 149 S.E.2d 553, 556 (1966). If an actual partition, also known as a partition in kind, cannot be made without substantial injury to any of the other tenants in common, the tenant in common seeking partition is equally entitled to a partition by sale. *See id.* at 19, 149 S.E.2d at 557; N.C.G.S. § 46-22 (Supp. 1993). Our law, however, favors actual partition over partition by sale. *Phillips v. Phillips*, 37 N.C. App. 388, 390, 246 S.E.2d 41, 43, *disc. rev. denied*, 295 N.C. 647, 248 S.E.2d 252 (1978). A tenant in common is entitled to partition by sale only if he or she can show by a preponderance of the evidence that actual partition would result in substantial injury to one of the other tenants in common. N.C.G.S. § 46-22 (Supp. 1993). A partition by sale will not be ordered merely for the convenience of one of the cotenants. *Brown*, 263 N.C. at 256, 139 S.E.2d at 583.

N.C. Gen. Stat. § 46-22, rewritten in 1985, and relevant to this matter, provides:

> (a) The court shall order a sale of the property described in the petition, or of any part, only if it finds, by a preponderance of the evidence, that an actual partition of the lands cannot be made without substantial injury to any of the interested parties.

PARTIN v. DALTON PROPERTY ASSOC.

[112 N.C. App. 807 (1993)]

(b) "Substantial injury" means the fair market value of each share in an in-kind partition would be materially less than the share of each cotenant in the money equivalent that would be obtained from the sale of the whole, and if an in-kind division would result in material impairment of the cotenant's rights.

(c) The court shall specifically find the facts supporting an order of sale of the property.

(d) The party seeking a sale of the property shall have the burden of proving substantial injury under the provisions of this section.

N.C.G.S. § 46-22 (Supp. 1993).

The 1985 rewrite of N.C. Gen. Stat. § 46-22 significantly changed what is required of a trial court in making the determination of whether to order an actual partition or a partition by sale of property owned by cotenants. Prior to 1985, N.C. Gen. Stat. § 46-22 read as follows: "Whenever it appears by satisfactory proof that an actual partition of the lands cannot be made without injury to some or all of the parties interested, the court shall order a sale of the property described in the petition, or any part thereof." N.C.G.S. § 46-22 (1984). Under this version of Section 46-22, a court was required to order a partition by sale if an actual partition would result in "injury," but the statute gave no guidance as to how to determine when a cotenant suffered "injury." Our courts, however, defined "injury" as "substantial injustice or material impairment of [a cotenant's] rights or position, such that it would be unconscionable to require him to submit to actual partition." *Brown*, 263 N.C. at 256, 139 S.E.2d at 583.

When the Legislature rewrote N.C. Gen. Stat. § 46-22 in 1985, it incorporated the definition of "substantial injury" stated in *Brown* and added a new requirement. Under the current version of N.C. Gen. Stat. § 46-22, before a trial court may order a partition by sale, it must first determine that an actual partition would result in substantial injury, that is, that were an actual partition ordered, one of the cotenants would receive a share with a fair market value materially less than the value of the share the cotenant would receive were the property partitioned by sale and a cotenant's rights would be materially impaired. N.C.G.S. § 46-22(b).

**PARTIN v. DALTON PROPERTY ASSOC.**

[112 N.C. App. 807 (1993)]

In this case, the trial court concluded as a matter of law that "an actual partition of the subject property cannot be made without substantial injury to the co-tenants." To be sustained, this conclusion must be supported by a finding of fact that an actual partition would result in one of the cotenants receiving a share of the property with a value materially less than the value the cotenant would receive were the property partitioned by sale and that an actual partition would materially impair a cotenant's rights. These findings of fact must be supported by evidence of the value of the property in its unpartitioned state and evidence of what the value of each share of the property would be were an actual partition to take place.

In this case, the trial court failed to make the required findings of fact that actual partition would result in one of the cotenants receiving a share with a value materially less than the value of the share he would receive were the property partitioned by sale and that actual partition would materially impair a cotenant's rights, and there is no evidence in this record which would support such findings of fact. Therefore, the trial court's order must be reversed and the case remanded for a new trial.

Because we have granted a new trial, we do not address other issues raised by respondent. We note, however, that N.C. Gen. Stat. § 46-22(d), requires a petitioner seeking a partition by sale to bear the burden of proving by a preponderance of the evidence that an actual partition would result in substantial injury. It appears that the trial court in this case shifted the burden to respondent to prove that an actual partition would not cause petitioners substantial injury. On remand, the burden to show that an actual partition would cause substantial injury must be placed upon petitioners. We further note, that if, after a new trial, an actual partition is ordered, the trial court may order a cotenant who receives a portion of the land which has a greater value than his proportionate share of the property's total value, to pay his former cotenants money to equalize the value received by each cotenant. *See* N.C.G.S. § 46-10 (1984); *see also Moore v. Baker*, 224 N.C. 498, 502, 31 S.E.2d 526, 528 (1944) ("Equality in value must be afforded by the assessment of an owelty charge.").

Reversed and remanded for a new trial.

Judges MARTIN and JOHN concur.