JILL C. SHEFFER, Petitioner v. TIMOTHY B. RARDIN, Respondent

No. COA09-1562

(Filed 21 December 2010)

**1. Evidence— admissions—judicial—failure to deny allegations—admissions at hearing**

The trial court did not err by concluding that an actual partition of land would result in substantial injury to the parties where there was neither evidence nor specific findings of the values of the properties. The trial court's conclusion was supported by respondent's judicial admissions in his failure to deny any of the allegations of the petition and in his admissions in a hearing. The trial court did not abuse its discretion by ordering the sale of the properties.

**2. Evidence— judicial admissions—pro se representation**

A *pro se* respondent's arguments in a partitioning appeal that his judicial admissions should have been overlooked because he represented himself were overruled.

Appeal by respondent from order entered 1 September 2009 by Judge Alma L. Hinton in Superior Court, Dare County. Heard in the Court of Appeals 12 May 2010.

**SHEFFER v. RARDIN**

[208 N.C. App. 620 (2010)]

*Vandeventer Black LLP by Norman W. Shearin, for petitioner-appellee.*

*Robertson, Medlin & Blocker, PLLC by John F. Bloss, for respondent-appellant.*[1]

STROUD, Judge.

Timothy B. Rardin ("respondent") appeals from a trial court's order that land co-owned by respondent and Jill C. Sheffer ("petitioner") be sold for partition at a public auction. For the following reasons, we affirm the trial court's order.

On 6 May 2009, petitioner filed a verified "Petition For Partition of Real Property" in Superior Court, Dare County. The petition alleged that petitioner and respondent jointly owned as tenants in common two separate parcels of real estate in Kitty Hawk, North Carolina ("the subject properties"). Petitioner further alleged that "the nature and size of the Property is such that an actual partition thereof cannot be made without injury to the several interested persons[,]" and "[t]he parties have made unequal contributions to the purchase price of the Property and equal payments of the mortgage and expenses from the date of purchase through August 31, 2008 toward maintaining the Property." Petitioner requested an order directing that the subject properties be sold and the proceeds divided between the parties according to their ownership interests.

On 1 June 2009, respondent filed a *pro se* answer to the petition. Respondent's answer did not deny any of the allegations of the petition but instead set forth respondent's contentions as to the parties' relationship and its demise; finances and contributions of the parties; financial equity; "mitigation[,]" which addressed settlement negotiations between the parties; petitioner's real estate, which addressed other separately owned real estate of petitioner; and "other" which addressed the fact that both parties are "real estate licensed[,]" the poor state of the real estate market at the time in Dare County, and the fact that respondent was relying upon equity in the subject properties for his retirement; a request for trial by jury; and his "prayer" that the case be dismissed as "dismissal of this case will cause no harm whatsoever to the Plaintiff, but will avoid irreparable financial harm to me." Respondent summarized his main contention as follows:

---

1. In respondent's reply brief filed 6 May 2010, the firm listed below respondent's counsel's signature is "Robertson, Medlin & Bloss, PLLC[.]"

**SHEFFER v. RARDIN**

[208 N.C. App. 620 (2010)]

It has never been an issue that I won't sell (or ever buy her out again). I am prepared and willing to sell when the market strengthens. The house has even been shown at least three (3) different occasions this Spring . . . . Therefore, the issue and underlying reason for the Plaintiff filing this Petition cannot be that I am refusing to sell the house. My issue, as stated several times already, is the critical nature of the timing.

Following a hearing on 1 July 2009, the Clerk of Superior Court, Dare County entered an order on 14 July 2009 finding that respondent had "acknowledged at a hearing in front of the Court that an actual partition of said lands cannot be made without substantial injury to one or both of the parties." The Clerk's order then concluded that "having considered the petition, the answer, and having heard from the parties finds as a fact that an actual partition of said lands described in the Petition cannot be made among the tenants in common without substantial injury to some [or] all of the parties interested[,]" and ordered that "the lands described in the petition be sold for partition at public auction in accordance with the provisions of N.C.G.S. § 46-28, and, if necessary, on such terms and conditions as set forth in other orders of this Court." The Clerk's order then appointed a Commissioner to make the sale. On 21 July 2009, respondent filed a notice of appeal from the Clerk's order to Superior Court, Dare County and posted a bond to stay the courthouse sale of the subject properties. Following a hearing on 31 August 2009, the trial court entered an order on 1 September 2009 upholding the Clerk's order. On 8 September 2009, respondent gave written notice of appeal from the trial court's order.

[1] On appeal, respondent argues that the trial court erred in determining that an actual partition would cause substantial injury to an interested party. In reviewing a trial court's order for partition by sale, we have held that

the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable de novo. The determination as to whether a partition order and sale should be issued is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law.

*Lyons-Hart v. Hart*, —— N.C. App. ——, ——, 695 S.E.2d 818, 821 (2010) (quotation marks, citations and brackets omitted).

In its order, the trial court stated as follows:

This hearing coming on before the undersigned Judge at the August 31, 2009, term of Dare County Superior Court from an appeal by the Respondent of an Order entered by the Dare County Clerk of Court on 14 July 2009. The Clerk of Court's Order found that an actual partition of said lands described in the Petition could not be made among the tenants in common without substantial injury to some or all of the parties interested, and ordered that the lands described in the petition be sold for partition at public auction in accordance with the provisions of N.C.G.S § 46-28.

After a hearing in open court in which the Petitioner was represented by Robert P. Trivette, and the Respondent was represented by himself, this Court, after reviewing the petition, the answer, the Order of the Clerk, and hearing arguments of the Respondent and the Petitioner's counsel, and finding no issues in dispute from the Clerk's Order for this Court to rule on, Upholds the findings of fact and conclusions of law found by the Clerk of Court in her Order, therefore Upholds said Order entered by the Clerk of Court dated 14 July 2009.

The order of the Clerk of Superior Court which was "upheld" by the trial court provided as follows:

This proceeding coming on from hearing on July 1, 2009 upon a Petition alleging that the Petitioner and Respondent are tenants in common of the lands described in the Petition; that all the necessary parties are before the Court; that the Petitioner desires a partition thereof, but that an actual partition cannot be made without injury to some or all the parties interested. It further appearing to the Court that the Respondent has been served with summons, and has filed an answer admitting the parties are tenants in common of the lands described in the Petition, and has acknowledged at a hearing in front of the Court that an actual partition of said lands cannot be made without substantial injury to one or both of the parties.

Therefore, the trial court concluded that "no issues [were] in dispute from the Clerk's Order for this Court to rule on" and upheld the findings

of fact, conclusions of law, and order entered by the Clerk on 14 July 2009 that the subject properties be sold for partition at public auction.

Respondent's brief never clearly identifies whether his argument is a challenge to a finding of fact, a conclusion of law, or both. In all fairness, the trial court's order does not differentiate between findings of fact and conclusions of law either. The Clerk's order presents the issue of "substantial injury" as a finding of fact: "The Court having considered the petition, the answer, and having heard from the parties *finds as a fact* that an actual partition of said lands described in the Petition cannot be made among the tenants in common without substantial injury to some or all of the parties interested." (Emphasis added.) The trial court's order upheld the "findings of fact and conclusions of law" as found by the Clerk's order. However, despite the identification, or lack thereof, of a provision of the order as finding of fact or conclusion of law, we must base our consideration upon the proper identification of the issue. Where "findings of fact" should have been "more properly designated conclusions of law[,]" this Court will "treat them as such for the purposes of . . . appeal." *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997).

> The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment, *see Plott v. Plott*, 313 N.C. 63, 74, 326 S.E.2d 863, 870 (1985), or the application of legal principles, *see Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 657-58 (1982), is more properly classified a conclusion of law. Any determination reached through "logical reasoning from the evidentiary facts" is more properly classified a finding of fact. *Quick*, 305 N.C. at 452, 290 S.E.2d at 657-58 (quoting *Woodard v. Mordecai*, 234 N.C. 463, 472, 67 S.E.2d 639, 645 (1951)).

*Id.* N.C. Gen. Stat. § 46-22 sets forth the procedure for a sale in lieu of partitioning a property:

> (a) The court shall order a sale of the property described in the petition, or of any part, only if it finds, by a preponderance of the evidence, that an actual partition of the lands cannot be made without substantial injury to any of the interested parties.

> (b) "Substantial injury" means the fair market value of each share in an in-kind partition would be materially less than the share of

each cotenant in the money equivalent that would be obtained from the sale of the whole, and if an in-kind division would result in material impairment of the cotenant's rights.

(c) The court shall specifically find the facts supporting an order of sale of the property.

(d) The party seeking a sale of the property shall have the burden of proving substantial injury under the provisions of this section.

N.C. Gen. Stat. § 46-22 (2009)[2].

This Court has previously noted that the determination of "substantial injury" is a conclusion of law, not a finding of fact. In *Partin v. Dalton Property Assoc.*, 112 N.C. App. 807, 436 S.E.2d 903 (1993), we explained that

the trial court concluded as a matter of law that "an actual partition of the subject property cannot be made without substantial injury to the co-tenants." To be sustained, this conclusion must be supported by a finding of fact that an actual partition would result in one of the cotenants receiving a share of the property with a value materially less than the value the cotenant would receive were the property partitioned by sale and that an actual partition would materially impair a cotenant's rights. These findings of fact must be supported by evidence of the value of the property in its unpartitioned state and evidence of what the value of each share of the property would be were an actual partition to take place.

*Id.* at 812, 436 S.E.2d at 906. Therefore, the provision of the order which the respondent challenges is a conclusion of law.

We will therefore consider respondent's argument as a challenge to the trial court's conclusion of law that actual partition would result in "substantial injury" to the parties. Essentially, respondent argues that the findings of fact do not support the trial court's conclusion of law that an actual partition would result in "substantial injury" to a party because there are no findings of fact as to the "value of the property in its unpartitioned state and *evidence* of what the value of

---

2. N.C. Gen. Stat § 46-22 was amended in 2009 but those changes became "effective October 1, 2009, and applie[d] to partition actions filed on or after that date." 2009 N.C. Sess. Laws 512 §§ 2 and 6. However, petitioner filed her petition for partition of the subject properties on 6 May 2009. Therefore, the amendments to N.C. Gen. Stat. § 46-22 are not applicable in the case before us.

each share of the property would be were an actual partition to take place." (Emphasis in original.) Respondent is correct that there was no evidence presented and no specific findings of fact as to the values of the properties. However, respondent's own answer to the petition and his representations at the hearing before the Clerk made such evidence unnecessary. Respondent did not deny any allegations of the petition and he acknowledged before the court that "an actual partition of said lands cannot be made without substantial injury to one or both of the parties." Respondent contends that the trial court's conclusion as to substantial injury "is completely at odds with the position he took in his Answer and in his presentation to the trial court," but this contention is not accurate. In fact, respondent essentially argued before the trial court that either an actual partition of the two properties or a partition by sale would substantially injure him, if the partition were done at that particular time. Respondent objected to the *timing* of partition, but one of the reasons that a partition proceeding may be necessary is that at least one of the co-owners of real property wants to end the joint ownership *now*, while another co-owner does not, for whatever reason. The partition statute has no provision to permit the trial court to delay partition based upon one party's objection to the timing of the partition.

In addition to his failure to deny the allegations of the petition, respondent acknowledged before the trial court that one of the properties is a vacant residential lot and the other property is a lot and house where respondent was living. Respondent himself asserted to the trial court that the two properties were of substantially different values and he did not argue that either property could be actually partitioned. His only objections to selling the properties were the timing and method of the sale. He recounted his efforts to convince petitioner to reach a settlement with him and argued that the trial court should order

"an even swap, she gets the lot, she gets $121,000 of my equity in it because she owns the lot one hundred percent, I get the house and would also arrange to forgive her almost $125,000 that she currently owes me . . . . [T]his . . . would also satisfy the intent of allowing for a physical partition of the property by my legally, physically, financially and equitably giving her my unencumbered fifty percent of the lot, $121,000 worth, in exchange for a dollar per dollar reduction in her share of the other property, property that she's refused to pay her share of the ongoing expenses for the last twelve months.

Respondent wanted the Superior Court to consider the poor condition of the real estate market in Dare County, his retirement investment intentions, other real estate owned by petitioner in which he had no interest, and other factors which were simply irrelevant under the above noted sections of Chapter 46.[3] Therefore, respondent's argument that the Superior Court erred in its finding that he "has acknowledged at a hearing in front of the Court that an actual partition of said lands cannot be made without substantial injury to one or both of the parties" is without merit.

Petitioner argues that because of the respondent's judicial admission to the Clerk of Court that substantial injury would result from an actual partition, the trial court was correct in upholding the Clerk's order for the subject properties to be sold for partition at public auction. Respondent counters that any admission of "substantial injury" during the hearing before the Clerk of Court was an "extrajudicial or evidentiary admission," which could be "rebutted, denied or explained away" and was not made in a written pleading or stipulation and therefore was not a binding judicial admission.

Our courts have described the distinction between a judicial admission and an evidentiary admission.

> A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. *See generally* 2 Stansbury's North Carolina Evidence § 166 (Brandis rev. 1973). Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence. *E.g., State v. McWilliams*, 277 N.C. 680, 178 S.E.2d 476 (1971).

*Outer Banks Contractors, Inc. v. Forbes*, 302 N.C. 599, 604, 276 S.E.2d 375, 379 (1981).

> In contrast, an evidential or extrajudicial admission consists of words or other conduct of a party, or of someone for whose conduct the party is in some manner deemed responsible, which is admissible in evidence against such party, but which may be rebutted, denied, or explained away and is in no sense conclu-

---

3. At the hearing before the Superior Court, respondent argued that pursuant to N.C. Gen. Stat. § 46-3.1 (2009) it would be in the "best interests" of both parties for the trial court to consider his financial situation and the real estate market in fashioning its order.

sive. Generally, a party's statements, given in a deposition or at trial of the case, are to be treated as evidential admissions rather than as judicial admissions.

*Jones v. Durham Anesthesia Assocs., P.A.*, 185 N.C. App. 504, 509, 648 S.E.2d 531, 535-36 (2007) (citations and quotation marks omitted).

Petitioner herein, citing *Clapp v. Clapp*, 241 N.C. 281, 85 S.E.2d 153 (1954), contends that the trial court did not need to make the findings enumerated by N.C. Gen. Stat. § 46-22(b) and (c) as respondent made a judicial admission by "acknowledg[ing] at a hearing in front of the Court that an actual partition of said lands cannot be made without substantial injury to one or both of the parties." In *Clapp*, this Court considered the effect of a judicial admission in a partition proceeding. *Id.* at 284-85, 85 S.E.2d at 155-56. The petitioner filed a petition for a special proceeding to sell real property from decedent's estate and for partition. *Id.* at 282, 85 S.E.2d at 153-54. The petition alleged that actual partition of the real property could not be made without injury to some or all of the parties, and that a sale for partition was necessary. *Id.* at 282-83, 85 S.E.2d at 154. The respondents answered "admitting that actual partition of the land cannot be made without injury to some or all of the owners thereof[,]" but filed a plea alleging that one of the respondents owned a portion of the subject property "by virtue of an agreement" between the decedent and respondent Vick Clapp. *Id.* at 283, 85 S.E.2d at 154. In a hearing before the Clerk, respondents' counsel stated that respondents did not have any written contract or documentation in support of their claim, but stated they intended to bring suit against the decedent's estate for breach of a contract. *Id.* Accordingly, the Clerk entered judgment appointing a Commissioner and directed sale of all the land described in the petition. *Id.* at 283, 85 S.E.2d at 154-55. On respondents' appeal to the Superior Court, respondents admitted there was no contract between the decedent and respondent Vick Clapp, the Superior Court affirmed the Clerk's order, and respondents appealed to our Supreme Court. *Id.* at 283, 85 S.E.2d at 155. The Court noted that the issue of fact raised by respondents' plea of sole seizin "was eliminated and the necessity for jury trial removed when the [respondents] *conceded by solemn admission,* first made to the Clerk and later reiterated in response to an inquiry of the presiding Judge in term time, that their plea of sole seizin is not supported by any written contract or document to convey or devise the land claimed[,]" and, therefore, amounted to "[a] judicial admission . . . effectively remov[ing] the admitted fact from the field of issuable matters." *Id.* at

284, 85 S.E.2d at 155 (Emphasis added.) The Court then held that in view of this judicial admission, respondents' "claim of sole seizin is within the statute of frauds and for that reason void, the judgment of the Clerk, as approved by the presiding Judge, directing sale of all the land is free of prejudicial or reversible error and will be upheld." *Id.* Given the respondents' admission in their answer and the elimination of their plea of sole seizin, the Court concluded that petitioners "were entitled upon the allegations of the pleadings to sale for partition." *Id.* at 285, 85 S.E.2d at 156. The Court then held that "[t]he judgment below will be treated as having been entered for that purpose, and as so modified will be affirmed." *Id.*

Respondent argues that this case is controlled by *Partin v. Dalton Property Assoc.*, 112 N.C. App. 807, 436 S.E.2d 903 (1993), which reversed an order for partition because it did not contain the required findings of fact to support the trial court's conclusion of law regarding "substantial injury." In *Partin*, the petitioner filed a petition requesting that two properties be sold in lieu of actual partition. *Id.* at 808, 436 S.E.2d at 903-04. The Clerk of Court entered an order that the property be sold, and respondent appealed the Clerk's order to the Superior Court. *Id.* at 809, 436 S.E.2d at 904. "The court adopted the findings of fact of the Clerk of the Superior Court, concluded as a matter of law that by the preponderance of the evidence an actual partition of the property could not be had without substantial injury to the cotenants, and ordered the sale of the property." *Id.* at 809-10, 436 S.E.2d at 905. On appeal, respondent challenged "whether the trial court made sufficient findings of fact to support ordering a partition by sale." *Id.* at 810, 436 S.E.2d at 905. This Court held that

[t]he trial court failed to make the required findings of fact that actual partition would result in one of the cotenants receiving a share with a value materially less than the value of the share he would receive were the property partitioned by sale and that actual partition would materially impair a cotenant's rights, and there is no evidence in this record which would support such findings of fact. Therefore, the trial court's order must be reversed and the case remanded for a new trial.

*Id.* at 812, 436 S.E.2d at 906.

Here, as in *Partin*, neither the trial court in its order, or the referenced Clerk's order, made any specific findings regarding whether "the fair market value of each share in an in-kind partition would be

materially less than the share of each cotenant in the money equivalent that would be obtained from the sale of the whole" or specific findings "supporting an order of sale of the property" as required by N.C. Gen. Stat. § 46-22(b) and (c). However, in *Partin*, there was no allegation of a judicial or evidentiary admission as to the relevant facts. Instead, the *Partin* respondent challenged the allegations of the petition and the parties presented conflicting evidence regarding the property's best use, terrain, access to a roadway, and the difficulty and cost of surveying the land. *Id.* at 809, 436 S.E.2d at 904-05. Therefore, *Partin* is distinguished from this case by the respondent's denial of the petitioner's claims and allegations as well as the presentation of conflicting evidence.

This case is much more similar to *Clapp* than to *Partin*. Here, as in *Clapp*, respondent made an "acknowledg[ment]" to the Clerk "that an actual partition of said lands cannot be made without substantial injury to one or both of the parties." In addition, respondent failed to deny any of the allegations of the petition, including the allegation that "the nature and size of the Property is such that an actual partition thereof cannot be made without injury to the several interested persons." Because respondent failed to deny the allegations of the petition, all of the allegations of the petition are deemed admitted. *See Hill v. Hill*, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 ("Averments in pleadings are admitted when not denied in a responsive pleading, if a responsive pleading is required."), *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971). Just as in *Clapp*, the judicial admissions of the respondent established the factual basis for the partition order's conclusion of law. These admissions "remove[d] the admitted fact from the trial by formally conceding its existence." *Outer Banks Contractors, Inc.*, 302 N.C. at 604, 276 S.E.2d at 379. Accordingly, we hold that the trial court's conclusion of law that the property could not be actually partitioned without substantial injury to a party was supported by the respondent's judicial admissions, and the trial court did not abuse its discretion in ordering the sale of the subject properties. *Lyons-Hart*, —— N.C. App. at ——, 695 S.E.2d at 821. Respondent's argument is overruled.

[2] Respondent argues next that because he was proceeding *pro se* any admission by him of "substantial injury"—a statutorily defined term—"should not be deemed a repudiation of the absolutely contrary positions that [he] took both before and after the hearing before the Clerk." As noted above, we cannot agree that respondent took a contrary position at any time. In addition, respondent cites no authority

**SHEFFER v. RARDIN**

[208 N.C. App. 620 (2010)]

of precedential value in support of his argument that we should overlook his judicial admissions in his answer, before the Clerk of Superior Court, and before the Superior Court because of his *pro se* status. A person who chooses to represent himself is bound by the same rules as one who is represented by counsel; to hold otherwise would be manifestly unfair to the represented party and contrary to established law. Just as the defendant in *State v. Pritchard*, 227 N.C. 168, 41 S.E.2d 287 (1947), respondent "proved to be a poor lawyer and an unwise client. After [judgment], he employed counsel to prosecute an appeal. This has been done with as much skill as the record would permit." *Id.* at 169, 41 S.E.2d at 287. Based upon the record before us, we must overrule respondent's argument that his judicial admissions should be overlooked because he was representing himself and did not understand all of the legal issues involved.

Lastly, respondent argues that petitioner's argument regarding respondent's alleged admissions was not raised before the trial court and therefore was not properly preserved for appellate review. Contrary to respondent's contention, at the 31 August 2009 hearing on this matter, petitioner's counsel did argue to the trial court that respondent admitted at the hearing before the Clerk that actual partition of the subject properties would cause substantial injury to both parties. Accordingly, respondent's argument is overruled.

For the forgoing reasons, we affirm the trial court's order.

AFFIRMED.

Chief Judge MARTIN and Judge HUNTER, JR., Robert N. concur.