KATHLEEN C. WHATLEY, PETITIONER-APPELLEE v. WENDELL NORRIS WHATLEY, SR., AND WIFE, SUE ANNE WHATLEY, RESPONDENTS-APPELLANTS

No. COA96-641

(Filed 6 May 1997)

**Partition § 62 (NCI4th)— building—two tracts of land—tenants in common—partition by sale**

Where the parties had stipulated by a consent order that both petitioner and respondents owned undivided interests in one tract of land, that an adjacent tract was solely owned by respondents, and that a building located on both tracts was owned by petitioner, the trial court properly concluded that the parties were tenants in common by reason of the building being located

partially on each tract and that a partition by sale of both tracts and the building was warranted.

**Am Jur 2d, Partition §§ 194, 195.**

Appeal by respondents from order entered 24 January 1996 by Judge Russell G. Walker, Sr. in Randolph County Superior Court. Heard in the Court of Appeals 19 February 1997.

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Tamura D. Coffey, for petitioner-appellee.*

*Alexander Ralston Speckhard & Speckhard, L.L.P., by Donald K. Speckhard, for respondents-appellants.*

WALKER, Judge.

Petitioner filed this action for partition by sale of a building and two tracts of land (Tract One and Tract Four) on 5 November 1993. Previously, the parties entered into a consent order on 17 July 1992 in which it was agreed that petitioner owned a 2/9 undivided interest and respondents owned a 7/9 undivided interest in Tract One, that Tract Four was solely owned by respondents and that the building, which sits partially on Tract One and partially on Tract Four, was owned by the petitioner.

Respondents moved for summary judgment, which was denied, and the case proceeded with a bench trial. On 24 January 1996, the trial judge issued an order granting petitioner's request for a partition by sale of the entire property.

The trial court will not order a judicial sale unless it is necessary to avoid injury to a party. N.C. Gen. Stat. § 46-22 (1984); *Seawell v. Seawell*, 233 N.C. 735, 738, 65 S.E.2d 369, 371 (1951). The party seeking a partition by sale must show substantial injustice or material impairment of his rights or position such that the value of his share of the real property would be materially less on actual partition than if the land was sold and the tenants were paid according to their respective shares. *Brown v. Boger*, 263 N.C. 248, 259, 139 S.E.2d 577, 585 (1965). Further, the determination as to whether a partition order and sale should issue is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law. *Phillips v. Phillips*, 37 N.C. App. 388, 391, 246 S.E.2d 41, 43, *disc. review denied*, 295 N.C. 647, 248 S.E.2d 252 (1978).

Here, the trial court first determined that actual partition (partition in kind) was not possible because the respective interests of the parties were not "alienable in piecemeal fashion." Further, the trial court found that even if partitioning in kind were feasible, all of the parties as co-tenants would receive a share with a value materially less than the value each would receive for the entire property if partitioned by sale. Also, the trial court stated that to proceed with an actual partition would materially impair the rights of all the parties as co-tenants. Thus, absent an error of law, the trial judge was correct in ordering a partition by sale of the property.

Respondents argue that the trial court erred in finding that both parties hold title to Tract Four as tenants in common since the parties had previously stipulated in a consent order that respondents own Tract Four and petitioner has no interest in Tract Four. Respondents assert that pursuant to N.C. Gen. Stat. § 46-3 (1984), only persons owning real property as joint tenants or tenants in common "may have partition by petition to the superior court."

Included in the evidence considered by the trial court was the affidavit of Don R. Castleman, a professor of law at Wake Forest University School of Law where he has taught real property and decedents' estates and trusts for sixteen years. Castleman opined:

2. I have reviewed the consent order filed in this case in 1992 (90 CvS 1353). The agreement of the parties and the [consent] order of the court, insofar as it concerned the ownership of two adjacent tracts of real estate and a building constructed thereupon, acknowledged one party as the sole owner of the building, the other party as the owner of one tract of realty, and both parties as owners, as tenants in common, of the other tract of realty. The order then provides that the parties shall, by agreement, determine the proper and equitable use or disposition of the property and the division of the income or proceeds thereof and, failing such an agreement, contemplates a special proceeding to resolve the issues. In my opinion, the agreement and the order must be viewed as having treated the two tracts and the building as a single parcel, owned in undivided interests as tenants in common. Otherwise, the petitioner would own a building, part of which is situated on someone else's land and her title, because of uncertainty as to the nature of her tenancy on the surface on the underlying land, would be unmarketable. Likewise, the respondents would own a tract of land upon which sits a building owned by

another, whose ownership is confirmed by the court, and thus the title to their land, because of uncertainty as to their right to possession and use thereof, would be unmarketable. Thus, neither party would have freely marketable title and this would restrict the free alienability of both properties and would be contrary to public policy in North Carolina.

Professor Castleman makes reference to what is contained in N.C. Gen. Stat. § 47B-1 (1) (1984), which provides in part: "as a matter of public policy . . . "

(1) Land is a basic resource of the people of the State of North Carolina and should be made freely alienable and marketable so far as is practicable.

. . .

(3) Such interests and defects are prolific producers of litigation to clear and quiet titles which cause delays in real property transactions and fetter the marketability of real property.

(4) Real property transfers should be possible with economy and expediency . . . .

After considering all the evidence and stipulations, the trial court found:

2. The parties are tenants in common of that parcel of land identified in the stipulation as Tract One, with petitioner and respondents owning a 2/9 and 7/9 undivided interest therein, respectively. Petitioner is the sole owner of the building referred to in the stipulation which lies partially on Tract One.

3. As to Tract Four referred to in the stipulation which abuts Tract One and is owned solely by respondents, a portion of petitioner's building also lies partially thereon.

4. As to those portions of Tract[s] One and Four on which the building lies, a vertical tenancy in common exists which renders the building unmarketable.

Then, the trial court concluded:

1. The parties to this proceeding are tenants in common of the property in suit, including Tracts One and Four and the building which has been erected on a portion of both tracts.

2. The location of petitioner's building on portions of Tracts One and Four creates a cloud on title such that neither of these tracts nor the building is alienable by itself nor subject to partition in kind. Partition by sale is therefore the only proper remedy for disposition of all the property in suit.

Thus, based on these unique facts, we are of the opinion the trial court properly concluded that by reason of the building being partially located on Tract One and Tract Four, the parties were tenants in common. Therefore, all of this property in suit should be included in the partition by sale. This disposition properly effects a division of the respective property interests of the parties and gives credence to this State's public policy by preventing the restrictions on alienation that would otherwise occur.

Respondents do not contend the parties' property interests can somehow be divided nor do they assert how this controversy can be resolved. The trial court was correct in ordering a partition by sale.

Affirmed.

Judges GREENE and McGEE concur.