JIMMY LITTLETON LYONS-HART, Petitioner v. BENJAMIN PERRY HART, Respondent

No. COA09-1461

(Filed 6 July 2010)

**Partition— favored over sale—no finding of value—findings did not support sale**

   An order denying a petition for partition by sale was reversed and remanded where the trial court did not make findings concerning fair market value despite testimony about the value of the property. Moreover, the findings made by the court did not support a determination that division in-kind would result in a substantial injury to some or all interested parties.

Appeal by respondent from order entered 7 October 2008 by Judge William C. Griffin, Jr. in Hyde County Superior Court. Heard in the Court of Appeals 14 April 2010.

*Windy H. Rose for petitioner-appellee.*

*Katherine S. Parker-Lowe for respondent-appellant.*

LYONS-HART v. HART

[205 N.C. App. 232 (2010)]

HUNTER, Robert C., Judge.

Benjamin Perry Hart ("respondent") appeals from the trial court's 30 September 2008 order in which it ordered the sale of a parcel of land owned by respondent and his brother, Jimmy Littleton Lyons-Hart ("petitioner"), as tenants in common. After careful review, we reverse the trial court's order and remand with instructions for the trial court to enter an order denying petitioner's Petition for Partition by sale.

## Background

On 6 April 1996, Jimmy L. Hart died testate, leaving a parcel of land located on Ocrakoke Island, North Carolina to petitioner and respondent as tenants in common. Accordingly, petitioner and respondent each own a one-half interest in the property. The property consists of .30 acres, or 13,132 square feet of land. The land is zoned as a residential lot and there currently exists on the property one water meter hook up, one septic system, and one double-wide mobile home. Additionally, there are two right-of-ways on the property, one known as Lighthouse Road, which runs to the northwest of the property, and the other known as Loop Road, which runs to the southwest of the property. The right-of-ways take up approximately 2,707.8 square feet of the property. The Loop Road right-of-way has encroached upon the property forming a curve that serves as a radius for turning from Loop Road onto Lighthouse Road. This encroachment is not part of the official right-of-way.

Since 1996, the brothers jointly paid the taxes and insurance on the property and jointly used the property, though respondent spent more time there than petitioner. In 2006, respondent permanently moved into the mobile home. In October 2006, petitioner informed his brother that he wished to end the tenancy in common and suggested three options: (1) respondent could purchase petitioner's interest in the property; (2) they could mutually agree to sell the property and split the proceeds; or (3) petitioner could demand a partition by sale. According to petitioner, respondent originally agreed to sell the property through a real estate agent, but subsequently changed his mind. Respondent offered to divide the property and move the mobile home, but petitioner would not agree to that arrangement.

Petitioner filed a Petition to Partition the property on 12 July 2007. Petitioner alleged: "[P]etitioner desires to hold his interest in said lands in severalty; but that the nature and size of said land is such that an actual partition thereof cannot be made without injury to

the persons interested therein." Respondent filed a response on 30 July 2007, and claimed that "[t]he nature and size of said land is such that an actual division thereof can be made between the co-tenants without injury to any of the parties interested."

On 27 May 2008, a hearing was held before the Hyde County Clerk of Superior Court. Upon hearing evidence and arguments of counsel, the Clerk denied petitioner's petition in open court. On 3 July 2008, the Clerk issued a written order, finding that an actual partition was possible and concluding that "petitioner ha[d] failed to meet his burden of proof in support of partition by sale[.]" Petitioner filed a notice of appeal to superior court on 7 July 2008.

On 9 September 2008, the superior court conducted a *de novo* hearing on petitioner's Petition for Partition. At that time, three surveys were entered into evidence regarding possible divisions of the property. At the time of the hearing, the Ocracoke Development Ordinance required a residential lot to have at least 5,000 total square feet of space. The ordinance allowed the total measurement of a lot to include any square footage taken up by a right-of-way.[1] Accordingly, even though a right-of-way existed on the parties' property and took up 2,707.8 square feet of land, all 13,132 square feet of land could be taken into account in a survey in order to determine if a divided lot would still meet the 5,000 square feet requirement.

The first survey, taken by Legget Land Surveying, P.A. ("Legget"), at the request of petitioner, was based on "geometric measurements" and divided the lot into lots 1A and 1B. Lot 1A contained 5,479 square feet of total land and 3,357 square feet of minimum building space. Lot 1B contained 4,915 square feet of total land and 2,917 square feet of minimum building space. The minimum building space measurements took into account the city ordinance that requires an 8 foot "minimum setback" from the right-of-way. This survey assumed that the mobile home would be moved entirely onto lot 1A. However, this survey did not include the square feet of the right-of-way.

The second survey, also taken by Legget at the request of petitioner, would not require the mobile home to be moved. Based on this survey, lot 1A contained 7,369 square feet of total land and 3,953 square feet of minimum building space. Lot 1B contained 5,763 square feet of total land and 2,334 square feet of minimum building space. This survey took into account the right-of-way.

_____

1. The ordinance was amended in December 2007 to include this provision.

The third survey of the land was performed on behalf of respondent by Edward Foley ("Foley"). This survey assumed that the mobile home would be moved entirely onto lot 1A. Foley divided the property evenly so that lots 1A and 1B would each contain 6,521.6 square feet of total land. Foley took into account the square feet taken up by the right-of-way; however, Foley did not provide any measurements of minimum building space. Nevertheless, there is no evidence to suggest that Foley's survey would result in a violation of any provisions of the city ordinance.

At the hearing, Martha K. Garrish ("Garrish"), a real estate agent, testified that the fair market value of the lot would be $330,000 undivided. Garrish also testified that if each lot were divided into 6,521.6 square feet, as shown in the Foley survey, lot 1A would have a fair market value of $265,000 and lot 1B would have a fair market value of $259,000. Garrish gave no value to the mobile home. Garrish claimed that part of her assessment was based on the fact that lot 1B would have an unobstructed view of the Pamlico Sound, while lot 1A would have only a partial view obstructed by another residence.

On 7 October 2008, the trial court entered a written order containing findings of fact and the following conclusion of law: "Based upon the foregoing findings of fact, the Court concludes as a matter of law that actual partition of the land cannot be made without substantial injury to some or all interested parties." Consequently, the trial court ordered that the land be sold.

On 16 October 2008, respondent timely filed a motion for amended findings of fact, a motion for additional findings of fact, a motion to alter or amend the judgment, a motion for a new trial, and a motion for relief from judgment. A hearing was held on 9 March 2009, and the trial court issued an order denying the motions on 15 June 2009. Respondent timely appealed the trial court's order to this Court.

## Standard of Review

It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.

*Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) (internal citations omitted). "[T]he determination as to whether a partition order and sale should [be] issue[d] is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law." *Whatley v. Whatley*, 126 N.C. App. 193, 194, 484 S.E.2d 420, 421 (1997).

<u>Discussion</u>

Respondent's primary argument on appeal is that the trial court erred in concluding as a matter of law that an actual partition of the land would cause "substantial injury to some or all interested parties." While respondent does not dispute any of the findings of fact made by the trial court, respondent nevertheless claims that the findings of fact do not support the conclusion of law. We agree.

It has been established in this State that "a partition in kind, if it can be fairly accomplished, is always favored over a sale, since this does not compel a person to sell his property against his will." *Butler v. Weisler*, 23 N.C. App. 233, 238, 208 S.E.2d 905, 909 (1974) (citing *Brown v. Boger*, 263 N.C. 248, 256, 139 S.E.2d 577, 583 (1965)). "The physical difficulty of division is only a circumstance for the consideration of the court." *Id.*

The applicable statute governing the trial court's determination on a petition to partition states:

(a) The court *shall* order a sale of the property described in the petition, or of any part, *only if it finds*, by a preponderance of the evidence, that an actual partition of the lands cannot be made without substantial injury to any of the interested parties.

(b) 'Substantial injury' means the fair market value of each share in an in-kind partition would be materially less than the share of each cotenant in the money equivalent that would be obtained from the sale of the whole, and if an in-kind division would result in material impairment of the cotenant's rights.

(c) The court shall specifically find the facts supporting an order of sale of the property.

(d) The party seeking a sale of the property shall have the burden of proving substantial injury under the provisions of this section.

N.C. Gen. Stat. § 46-22 (2007) (emphasis added).[2]

---

2. N.C. Gen. Stat. § 46-22 was amended in 2009 after the hearing in this matter.

**LYONS-HART v. HART**

[205 N.C. App. 232 (2010)]

This Court has previously interpreted N.C. Gen. Stat. § 46-22, as amended in 1985 to include the definition of "substantial injury," and held:

> A tenant in common is entitled, as a matter of right, to an actual partition of the land. If an actual partition, also known as a partition in kind, cannot be made without substantial injury to any of the other tenants in common, the tenant in common seeking partition is equally entitled to a partition by sale. Our law, however, favors actual partition over partition by sale. A tenant in common is entitled to partition by sale only if he or she can show by a preponderance of the evidence that actual partition would result in substantial injury to one of the other tenants in common.

*Partin v. Dalton Property Assoc.*, 112 N.C. App. 807, 810, 436 S.E.2d 903, 905 (1993) (internal citations omitted).

> Under the current version of N.C. Gen. Stat. § 46-22, before a trial court may order a partition by sale, it must first determine that an actual partition would result in substantial injury, that is, that were an actual partition ordered, one of the cotenants would receive a share with a fair market value materially less than the value of the share the cotenant would receive were the property partitioned by sale and a cotenant's rights would be materially impaired. N.C.G.S. § 46-22(b).

*Id.* at 811, 436 S.E.2d at 906. While factually dissimilar, this Court faced a similar question of law in *Partin* as in the case at bar. There, "the trial court concluded as a matter of law that 'an actual partition of the subject property cannot be made without substantial injury to the co-tenants.' " *Id.* at 812, 436 S.E.2d at 906. This Court held:

> To be sustained, [the trial court's] conclusion must be supported by a finding of fact that an actual partition would result in one of the cotenants receiving a share of the property with a value materially less than the value the cotenant would receive were the property partitioned by sale and that an actual partition would materially impair a cotenant's rights. *These findings of fact must be supported by evidence of the value of the property in its unpartitioned state and evidence of what the value of each share of the property would be were an actual partition to take place.*
>
> In this case, the trial court failed to make the required findings of fact that actual partition would result in one of the

cotenants receiving a share with a value materially less than the value of the share he would receive were the property partitioned by sale and that actual partition would materially impair a cotenant's rights, and there is no evidence in this record which would support such findings of fact.

*Id.* (emphasis added). In *Partin*, "[n]either party presented any evidence as to the current value of the land at the time of trial, nor as to what the value of the land would be were it to be actually partitioned." *Id.* at 809, 436 S.E.2d at 905. The trial court's findings of fact did establish that the property would be difficult to partition in-kind because, among other things, the property was "very irregular," "the boundary of the subject property [was] not well established," and there was only one entrance to the property and "no other known means of access[.]" *Id.* at 808, 436 S.E.2d at 904. Despite evidence that the partition in-kind would be difficult, this Court required a showing of fair market value. According to the holding of *Partin*, and as dictated by N.C. Gen. Stat. § 46-22(b), the trial court must consider evidence of fair market value in determining whether a substantial injury would result from a partition in-kind.

In the present case, the trial court made no findings regarding the value of the property in its unpartitioned state and the value of the land should it be divided despite Garrish's testimony concerning the value of the property. Garrish claimed that the fair market value of the land was $330,000 undivided. She further stated that if each lot were divided into 6,521.6 square feet, as shown in the Foley survey, lot 1A would have a fair market value of $265,000 and lot 1B would have a fair market value of $259,000. No other testimony was provided concerning the value of the land. Consequently, the trial court erred in failing to consider fair market value as required by our case law and statute. Without a finding regarding fair market value, the trial court's conclusion of law regarding substantial injury cannot be sustained. *See Partin*, 112 N.C. App. at 812, 436 S.E.2d at 906. Assuming, *arguendo*, that the trial court had made findings concerning Garrish's testimony, such findings would not have supported the trial court's conclusion of law since the uncontroverted evidence indicates that the property is worth more divided in-kind.

N.C. Gen. Stat. § 46-22(b) requires the trial court to consider other factors beyond the fair market value of the land when assessing whether a substantial injury would occur should the land be parti-

tioned in-kind. Here, the trial court recited the findings of the two Legget surveys, but failed to even mention the Foley survey. The trial court did not make a finding that the land could not be divided in-kind based on the evidence provided, nor did the trial court state that any division would materially impair a cotenant's rights. While the Legget surveys show that lot 1B would have smaller minimum building space than lot 1A, that fact is not determinative, particularly where there is evidence that the lots are still valued more individually than as a whole. The valuation was based, in part, on the fact that lot 1B would have an unobstructed view of the Pamlico sound, while lot 1A would have only a partial view. While the trial court found that the mobile home would have to be moved to satisfy the city ordinance requiring an 8 foot setback from the right-of-way, and that no water meter hook-ups would be available until fall 2009 for lot 1B, the trial court did not relate these findings to any substantial injury. Our Supreme Court has stated that "[s]ince partition in kind is favored, such partition will be ordered, even though there may be some slight disadvantages in pursuing such method." *Brown*, 263 N.C. at 256, 139 S.E.2d at 583; *see also Partin*, 112 N.C. App. at 810, 436 S.E.2d at 905 ("A partition by sale will not be ordered merely for the convenience of one of the cotenants."). The trial court's findings at best establish "slight disadvantages" to dividing the property.

In reviewing the trial court's conclusion of law *de novo*, we hold that the trial court's findings of fact do not support the determination that an actual partition of the land would cause substantial injury to "some or all interested parties." Not only did the trial court fail to make findings concerning fair market value, the findings made by the trial court do not support a determination that division in-kind would result in a substantial injury to one of the parties.

In *Partin*, where there was no evidence of fair market value presented, this Court remanded the case to the trial court for a new trial. *Partin*, 112 N.C. App. at 812, 436 S.E.2d at 906. We see no need to do so here where there was evidence of value. Upon review of the evidence, petitioner in this case simply failed to meet his burden of proving a substantial injury would occur if the property were divided in-kind. Accordingly, we reverse and remand this case to the trial court for entry of an order denying petitioner's Petition for Partition by sale. We further order the trial court to remand this case to the Superior Court Clerk with instructions to enter an order for the partition of the parties' property in-kind.[3]

3. The Clerk's original order contained the appropriate disposition.

Conclusion

Based on the foregoing, we reverse the trial court's order due to an error of law and remand with instructions for the trial court to enter an order denying petitioner's Petition for Partition by sale. We need not address respondent's remaining assignments of error.

Reversed and Remanded.

Judges GEER and STEPHENS concur.