NO. COA13-1426

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

TOMMY M. WHITESELL,
    Petitioner-Appellee,

    v.                           Rockingham County
                                     No. 12 SP 597

CATHY B. BARNWELL
    Respondent-Appellant.


    Appeal by Respondent from order entered 19 August 2013 by Judge A. Robinson Hassell in Superior Court, Rockingham County. Heard in the Court of Appeals 20 May 2014.


> *Rossabi Black Slaughter, P.A., by T. Keith Black and Gavin J. Reardon, for Petitioner-Appellee.*

> *Forrester Law Firm, by Richard W. Forrester, for Respondent-Appellant.*


    McGEE, Judge.


    Tommy M. Whitesell ("Petitioner") and Cathy B. Barnwell ("Respondent") each own a one-half leasehold interest in Lot No. 47 Belews Lake, Rockingham County and a one-half interest in personal property consisting of the following: a Park Model Home ("the mobile home") on the lot and "all personal property and improvements contained" on the lot. At the time Petitioner and Respondent acquired the leasehold interest and the mobile home,

they were in a dating relationship. They entered into a written agreement (the "Agreement") around April 2000, that provided for the disposition of "the property located at Belews Lake" should either party die or should either party "desire to sell their individual ownership[.]"

Petitioner, on 29 November 2012, filed a petition for sale of the "leasing interest" and the personal property. The matter came on for hearing on 29 July 2013. In an order entered 19 August 2013, the trial court found that "a dispute exists between the Parties as to whether the Agreement contemplates both the Leasehold Interest and the Personal Property." The trial court further found that the parties "have experienced substantial difficulty in attempting to share the Leasehold Interest and Personal Property, resulting in numerous disagreements relating to maintenance, storage of boats on off weekends and reimbursement of expenses."

The trial court was "not persuaded that the Agreement reflects or is sufficient evidence that the Parties intended to forever waive or abandon their respective rights to partition their Leasehold Interest in the Property or the Personal Property." The trial court ordered a public sale of the leasehold interest and the personal property. Respondent appeals.

## I. Standard of Review

It is well settled that "when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Lyons-Hart v. Hart*, 205 N.C. App. 232, 235, 695 S.E.2d 818, 821 (2010). "Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*." *Id.* The "'determination as to whether a partition order and sale should [be] issue[d] is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law.'" *Id.* at 236, 695 S.E.2d at 821 (citation omitted).

## II. Analysis

Respondent argues that the trial court erred in ordering a sale. Respondent makes several sub-arguments in support of this contention.

## A. Estoppel

First, Respondent contends Petitioner "was estopped by contract from partitioning." For support, Respondent cites *Properties, Inc. v. Cox*, 268 N.C. 14, 149 S.E.2d 553 (1966). In

*Properties*, the agreement did not contain an express stipulation that a party shall not partition the property. *Id.* at 20, 149 S.E.2d at 558. However, our Supreme Court observed that it was apparent "from the instrument itself and from the circumstances surrounding its execution that neither party considered the possibility of partition during the life of Mrs. Cox." *Id.*

By contrast, in the present case, the trial court found that a dispute existed as to whether the agreement contemplated both the leasehold interest and the personal property. Furthermore, the trial court was "not persuaded that the Agreement reflects or is sufficient evidence that the Parties intended to forever waive or abandon their respective rights to partition their Leasehold Interest in the Property or the Personal Property." Respondent does not challenge the above findings of fact on appeal as unsupported by competent evidence.

Rather, Respondent contends that the trial court, "after finding that an agreement existed, surely erred in assigning its own temporal interpretation to the [A]greement." To the extent this statement challenges the trial court's finding of fact, Respondent nevertheless has failed to show the trial court erred. There is no indication in the trial court's order that it based its finding on the passage of time. Rather, the trial court based its finding on the language of the Agreement, which

does not contain any express stipulation as to partition. Respondent has not shown error on this basis.

## B. Injury

Respondent next contends Petitioner will not suffer either injury or substantial injury. To the extent this statement constitutes an argument that the trial court erred in making finding of fact 9 ("It is impossible to divide the Leasehold Interest or the Personal Property without substantial injury to at least one of the Parties."), Respondent has failed to demonstrate that the trial court erred on this basis. "If a division of personal property owned by any persons as tenants in common, or joint tenants, cannot be had without injury to some of the parties interested, and a sale thereof is deemed necessary, the court shall order a sale to be made[.]" N.C. Gen. Stat. § 46-44 (2013). Respondent's argument consists of questioning the evidence of injury.

However, Petitioner testified during the hearing before the trial court that the alternating weekly schedule that the parties had been using since 2002 "doesn't work." He testified that the parties argued about the time frame and which duties each should perform at the property. The parties disagreed about picking up broken tree limbs, mowing the grass, the use of the septic tank, the installation of a light near the lake,

cable expenses, utility expenses, fertilizer, kitchen supplies, and cleaning the property. Petitioner further testified that Respondent's pontoon blocked his view of the lake and prevented Petitioner from keeping his boat in the slip. This evidence shows the obstacles Petitioner faces in selling his one-half interest in the leasehold, mobile home, and other personal property. Petitioner would suffer injury by either being unable to sell his one-half interest or having to accept a drastically reduced price to attract a buyer who wishes to share a one-half interest with Respondent.

The evidence shows that a "division of personal property owned by any persons as tenants in common, or joint tenants, cannot be had without injury to some of the parties interested[.]" N.C.G.S. § 46-44. Respondent has not shown error on this basis.

### C. Unclean Hands

Respondent next contends that Petitioner has unclean hands. "The doctrine of clean hands is an equitable defense which prevents recovery where the party seeking relief comes into court with unclean hands." *Ray v. Norris*, 78 N.C. App. 379, 384, 337 S.E.2d 137, 141 (1985). However, within this sub-section, Respondent cites no supporting authority and restates earlier arguments relating to equity. Respondent contends that

the fact Petitioner "assigned away a significant portion of the personal property" by "titling it to himself and his new wife," is a material breach of the agreement.

Respondent does not challenge the trial court's finding that the agreement does not show that the parties intended to waive the right to partition. Respondent has presented no authority for such application of the doctrine of unclean hands in this case, where Petitioner does not seek relief under the agreement, but rather through statute. Relief "is not to be denied because of general iniquitous conduct on the part of the complainant[.]" *Id.* at 384, 337 S.E.2d at 141. Respondent has failed to show error on this basis.

### D. Essential Party

Respondent also contends that Petitioner "has not named an essential party, Carolina Marina, the leasing entity for Duke Power." However, Respondent again cites no supporting authority for this argument. *See* N.C.R. App. P. 28(b)(6) ("The body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies."). Furthermore, Respondent does not describe how this constitutes reversible error by the trial court. This argument is therefore dismissed. *See Hackos v. Goodman*, ___ N.C. App. ___, ___, 745 S.E.2d 336, 341 (2013) ("Plaintiff cites

no authority in support of this conclusory statement, and fails to make any actual argument in her brief as required by N.C.R. App. P. 28(b)(6), resulting in abandonment of Plaintiff's argument.").

### E. Findings and Conclusions

Respondent next contends that the trial court's order "is wholly inadequate to support an order for the sale of property" under the requirements of N.C. Gen. Stat. § 46-22(c). However, N.C.G.S. § 46-22(c) does not govern this case. The applicable statute is N.C. Gen. Stat. § 46-44, which provides that if "a division of personal property owned by any persons as tenants in common, or joint tenants, cannot be had without injury to some of the parties interested, and a sale thereof is deemed necessary, the court shall order a sale[.]" N.C.G.S. § 46-44. This Court has held that a "leasehold interest in real property is a chattel real and as such is subject to rules of law applicable to personal property." *First Southern Savings Bank v. Tuton*, 114 N.C. App. 805, 807-08, 443 S.E.2d 345, 346 (1994); *see also Real Estate Trust v. Debnam*, 299 N.C. 510, 513, 263 S.E.2d 595, 597 (1980) ("a lease is a species of personal property"); *Moche v. Leno*, 227 N.C. 159, 160, 41 S.E.2d 369, 370 (1947) ("estates less than freehold, called 'estate for years,' however long, created by lease, have been classified almost

invariably as personal, and not real property"); *Fleet National Bank v. Raleigh Oaks Joint Venture*, 117 N.C. App. 387, 391, 451 S.E.2d 325, 328 (1994). Respondent has therefore failed to show error on this basis.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.