IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-466

Filed: 6 December 2016

Iredell County, No. 14 CVD 2186

JUDITH M. DALY ATTORNEY AT LAW, P.A., d.b.a. DALY LAW FIRM, Plaintiff,

v.

ALESSANDRA L. McKENZIE, Defendant.

Appeal by defendant from order entered 2 October 2015 by Judge Richard Halloway in Iredell County District Court. Heard in the Court of Appeals 20 October 2016.

> *Gottholm, Ralston & Benton, PLLC, by Matthew L. Benton, for plaintiff-appellee.*
>
> *Defendant-appellant Alessandra McKenzie, pro se.*

ZACHARY, Judge.

Alessandra McKenzie (defendant) appeals from an order requiring her to pay Judith M. Daly Attorney at Law, P.A., d.b.a. Daly Family Law Firm (plaintiff) the sum of $17,509.63 plus costs. On appeal, defendant argues that the trial court erred and abused its discretion by denying her oral motion for a continuance and her motion to consolidate this case with a case that defendant had filed in superior court. After careful consideration of defendant's arguments, we conclude that the issue of the trial court's denial of defendant's motion to consolidate is not properly before us, and that

the trial court did not abuse its discretion by denying defendant's motion for a continuance.

## I. Factual and Procedural Background

On 4 January 2012, defendant hired plaintiff to represent her in a contested family law case involving issues of child custody, child support and equitable distribution. Defendant paid plaintiff approximately $56,475 for legal services rendered by plaintiff between January and September, 2012. In October, 2012, plaintiff informed defendant that she owed plaintiff $17,509.63 for legal services and that plaintiff would not continue to represent defendant until this amount was paid. Defendant failed to remit the amount owed to plaintiff, who then ceased her representation of defendant. On 8 March 2013, plaintiff sent defendant a letter stating that plaintiff intended to initiate legal action against defendant to collect the debt she owed to plaintiff. The letter also informed defendant that, if she disputed the fees or expenses that plaintiff was claiming, defendant could contact the North Carolina State Bar. Plaintiff never received any communication from the State Bar concerning the matter.

On 8 October 2014, plaintiff filed a complaint against defendant seeking to recover $17,509.63 from defendant for plaintiff's legal services. On 6 November 2013, defendant filed a *pro se* answer denying the material allegations of plaintiffs' complaint and asserting counterclaims for breach of contract, negligence and gross

negligence, malpractice, and intentional infliction of emotional distress. The matter was referred to arbitration, which was scheduled for 5 February 2015. The arbitration was rescheduled until 16 February 2015, due to defendant's scheduling conflict with another court appearance, and was rescheduled again until 31 March 2015. During the arbitration conducted on 31 March 2015, defendant took a voluntary dismissal of her counterclaims. Following arbitration, plaintiff was awarded $17,509.63, the amount of defendant's debt to plaintiff.

On 30 April 2015, defendant appealed from the arbitration award and sought a trial *de novo*. The matter was scheduled for a bench trial during the week of 8 June 2015; however on 10 June 2015, the trial was continued until the week of 29 June 2015 at plaintiff's request. On 26 June 2015, defendant filed a new answer, denying the material allegations of plaintiff's complaint and asserting counterclaims for which defendant sought damages in excess of $50,000. The case was continued from 29 June 2015 until 13 July 2015, and again from 13 July 2015 until 31 August 2015, both times at defendant's request.

On 22 July 2015, defendant filed a complaint against plaintiff in Iredell County Superior Court. Defendant (although defendant is the named plaintiff in her lawsuit, we refer to her as the defendant throughout this opinion to avoid confusion) asserted claims for breach of contract, malpractice, intentional infliction of emotional distress, and violation of the Unfair and Deceptive Trade Practices Act. Defendant did not

assert that she had suffered damages in excess of $50,000; however, she did allege that she had paid plaintiff more than $50,000 and that plaintiff had breached the contract for plaintiff's provision of legal services. On 24 August 2015, defendant filed a motion in district court, seeking consolidation of plaintiff's claim with the case defendant had filed in superior court, pursuant to N.C. Gen. Stat. § 1A-1, Rule 42.

Plaintiff's claim for money owed by defendant came on for a bench trial in Iredell County District Court on 31 August 2015. Plaintiff was represented by counsel at the hearing, and defendant appeared *pro se*. At the outset of the trial, defendant asked the trial court to rule on her motion to consolidate the complaint that defendant had filed in superior court with plaintiff's claim, so that the cases would be tried together in superior court. Plaintiff's counsel argued that under N.C. Gen. Stat. § 1A-1, Rule 42(a), only a superior court judge could rule on defendant's Rule 42 motion. The trial court agreed with plaintiff and denied defendant's motion to consolidate.

After the trial court denied defendant's Rule 42 motion, defendant made an oral motion to continue because she needed "time for discovery." Plaintiff objected on the grounds that the case had been continued several times and plaintiff had already provided defendant with the file in her case. Defendant contended that she was entitled to discovery in order to prepare for her superior court case, but admitted that

she had not filed any written requests for discovery. The trial court denied defendant's continuance motion.

During the trial, plaintiff testified under oath that she and defendant had a contract for legal representation under the terms of which defendant owed plaintiff $17,509.63, and introduced documents in support of her testimony. When plaintiff sought to introduce a billing document, defendant "objected" on the grounds that she wanted a continuance in order to hire an attorney and refile her motion for consolidation in superior court. The trial court admitted the bill into evidence, but took a short recess in order to allow defendant to contact an attorney. After the recess, defendant again argued that she needed a continuance in order to obtain discovery. Plaintiff objected and argued that defendant had failed to seek discovery for eleven months and that defendant's last-minute request for another continuance was made for an "improper purpose." When the trial court denied defendant's requests for a continuance, defendant stated that she would "just appeal whatever."

After plaintiff rested her case, defendant called plaintiff as a witness. Her examination of plaintiff focused upon instances during plaintiff's representation of defendant when, in defendant's opinion, plaintiff was unprepared. Defendant did not testify at the trial or present any other witnesses.

On 2 October 2015, the trial court entered two written orders. In an "Order on Motion to Consolidate" the court denied defendant's Rule 42 motion for consolidation

of cases. In a separate order, the trial court entered findings of fact and conclusions of law concerning the merits of plaintiff's claim. The trial court found that defendant owed plaintiff $17,509.63, and ordered defendant to pay that amount, plus costs. On 30 October 2015, defendant filed a notice of appeal "from Judge Richard Holloway's decision in Daly v. Alessandra McKenzie, 14-CVD-2186, heard in the District Court of Iredell County on August 31, 2015."

## II. Scope of Appeal

N.C.R. App. P. 3(d) (2015) provides in relevant part that a notice of appeal "shall designate the judgment or order from which appeal is taken[.]" In this case, defendant's notice of appeal stated that she was appealing "from [the trial court's] decision in Daly v. Alessandra McKenzie, 14-CVD-2186[.]" Although defendant did not use the word "order," we may reasonably infer that the "decision" to which defendant referred was the trial court's decision in favor of plaintiff on plaintiff's claim for money owed by defendant. However, defendant neither gave notice from the trial court's denial of her motion to consolidate cases, nor used language that could be interpreted to refer to the denial of her consolidation motion. We hold that defendant failed to give notice of appeal from the denial of her motion to consolidate.

Although N.C.R. App. P. 3(d) requires an appellant to designate the judgment or order from which an appeal is taken, N.C. Gen. Stat. § 1-278 (2015) provides that

"[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment."

> This Court has held that even when a notice of appeal fails to reference an interlocutory order, in violation of Rule 3(d), appellate review of that order pursuant to N.C. Gen. Stat. § 1-278 is proper under the following circumstances: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment. All three conditions must be met.

*Tinajero v. Balfour Beatty Infrastructure, Inc.,* 233 N.C. App. 748, 757, 758 S.E.2d 169, 175 (2014) (citing *Brooks v. Wal-Mart Stores, Inc.*, 139 N.C. App. 637, 641, 535 S.E.2d 55, 59 (2000)). An interlocutory order is "one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The denial of defendant's motion for consolidation was interlocutory as it did not resolve the issues raised by plaintiff's complaint. However, even if we treat defendant's statement to the court that she intended to appeal as an objection, the denial of defendant's motion to consolidate does not meet the third requirement for review of an interlocutory order from which appeal is not taken, which is that the interlocutory order "must have involved the merits and necessarily affected the judgment." "An order involves the merits and necessarily affects the judgment if it deprives the appellant of one of the appellant's

substantive legal claims." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 348, 666 S.E.2d 127, 133 (2008). The denial of defendant's motion to consolidate cases did not involve the merits of plaintiff's claim for money owed, and did not affect the judgment in that case. We conclude, therefore, that defendant has failed to preserve for appellate review the denial of her motion for consolidation of cases.

### III. Standard of Review

As a general rule, "when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Lyons-Hart v. Hart*, 205 N.C. App. 232, 235, 695 S.E.2d 818, 821 (2010). "[A] trial court's findings of fact in a trial without a jury will be upheld if supported by any competent evidence[,] . . . even when evidence to the contrary is present." *North Carolina Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 702, 412 S.E.2d 318, 322 (1992) (citation omitted). We note that defendant asserts, incorrectly, that the standard of review of the trial court's factual determinations is "plain error." "In North Carolina, plain error review has no application to appeals in civil cases." *State v. Lawrence*, 365 N.C. 506, 507 fn1, 723 S.E.2d 326, 327 fn1 (2012).

" 'The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion.' " *HSBC Bank USA Nat. Association v. PRMC, Inc.*, __ N.C. App. __, __, 790 S.E.2d 583, 586 (2016) (quoting *Morin v. Sharp*, 144

N.C. App. 369, 373, 549 S.E.2d 871, 873 (2001)). As a result, we review the ruling that defendant challenges for abuse of discretion. "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

## IV. Denial of Defendant's Request for a Continuance

At the beginning of the trial on plaintiff's claim, defendant asked the trial court to rule on her Rule 42 motion for consolidation of cases. When the court denied her motion, defendant then asked for a continuance, stating that "I am not ready to proceed today. . . . I need to have time for discovery, Your Honor." However, defendant admitted that during the 11 months since plaintiff had filed her complaint, defendant had not filed any written requests or motions seeking discovery. In addition, the record establishes that the case had previously been continued on three occasions, once at plaintiff's request and twice upon defendant's request. Based upon these facts, the trial court denied defendant's motion for a continuance.

During the trial, defendant "objected" to the introduction of a bill for plaintiff's legal services to defendant on the grounds that defendant was "asking for a continuance so I can get -- so I can get an attorney for this matter[.]" The trial court ruled that the billing document was admissible, but took a recess in order to allow

defendant to contact an attorney. After the recess, during which defendant was unable to hire an attorney, plaintiff testified that she had provided defendant with the file of her case. The trial court asked defendant what discovery she was seeking, in addition to what had already been provided. Defendant answered that she wanted to obtain "deposition, notes -- definitely notes. . . . [and] also, I would like to see the appointment book. . . ." Plaintiff argued that defendant's answer showed that she sought discovery for her superior court case, which was not before the court. The trial court denied defendant's second motion for a continuance.

The record thus establishes that: (1) as of 31 August 2015, the case had been continued three times, twice at defendant's request; (2) during the eleven months in which the case was pending, defendant did not file any written requests or motions for discovery; (3) plaintiff had provided defendant with a copy of her file; (4) defendant did not offer any explanation for her failure to hire an attorney and admitted that she was represented by counsel on the family law matters for which she had originally hired plaintiff; and (5) defendant failed to present her Rule 42 motion to a superior court judge. On these facts, we hold that the trial court's decision to deny defendant's request for a continuance was not an abuse of discretion.

We have considered defendant's arguments to the contrary, insofar as they are based on the record. "Pursuant to the North Carolina Rules of Appellate Procedure, our review is limited to the record on appeal . . . and any other items filed with the

record in accordance with Rule 9(c) and 9(d)." *Kerr v. Long*, 189 N.C. App. 331, 334, 657 S.E.2d 920, 922 (2008). "Our appellate courts 'can judicially know only what appears of record.'" *Hampton v. Scales*, __ N.C. App. __, __, 789 S.E.2d 478, 487 (2016) (quoting *State v. Price*, 344 N.C. 583, 593-94, 476 S.E.2d 317, 323 (1996)). In this regard, we observe that defendant makes certain assertions that she "fail[s] to support . . . by citation to sworn testimony, affidavit, documentary evidence, or any other record evidence" and that "[i]t 'is axiomatic that the arguments of counsel are not evidence.'" *Basmas v. Wells Fargo Bank N.A.*, 236 N.C. App. 508, 513, 763 S.E.2d 536, 539 (2014) (quoting *State v. Roache*, 358 N.C. 243, 289, 595 S.E.2d 381, 411 (2004)).

For example, in her statement of facts, defendant contends that on 29 June 2015 she "requested that the trial be continued for 11-12 months to allow her to conduct discovery" and that the court "did not rule on Appellant's discovery request, but instead recused himself, and continued the case to 13 July 2015." Defendant cites page 28 of the record for this statement. However, the continuance order on page 28 contains no reference to the reason for defendant's continuance motion or to the court's recusal. Nor do defendant's arguments at trial constitute "evidence" of the matters asserted.

In support of her argument that the trial court erred by denying her request for a continuance, defendant challenges the evidentiary support for the trial court's Finding No. 10 in its order, which addresses defendant's continuance request:

> 10. The Defendant today testified that she was unprepared to proceed today and was asking for a continuance. The case had been continued three prior times, twice for the Defendant and once for the Plaintiff, but the file does not reflect why. The Defendant also asked for a continuance to obtain discovery, but could not state which discovery she was wishing to obtain. The Plaintiff testified that discovery was already issued to the Defendant in the form of her file. The Defendant attempted to contact an attorney for today's hearing and the Court in fact took breaks for her to do that, but the Defendant stated she could not do that.

Defendant contends that the "trial transcript plainly demonstrates that [the trial court's] statement that reasons for the prior grants of continuances in proceedings were unknown is belied by testimonial evidence offered by the parties." However, the "testimonial evidence" to which defendant refers consists only of the unsworn statements or arguments of defendant and counsel for plaintiff, which we do not consider. Defendant also contends that "it is clear from the testimony and undisputed facts that all prior continuances were for good cause" and that "[c]ontrary to representations made by counsel for [plaintiff], the continuances were not merely to delay." Plaintiff's argument at trial regarding defendant's motive for seeking a continuance is not evidence, and we do not consider it. Nor do we consider defendant's contentions regarding the reasons for the previous continuances, as the continuance

orders do not themselves provide a reason for the continuance. Moreover, defendant fails to identify any evidence indicating that the trial court denied her request for a continuance on the grounds that the earlier continuances were not for good cause. Accordingly, the reasons for these earlier continuances are not relevant to our analysis of whether the trial court abused its discretion in denying her motion on the day of trial.

Defendant further asserts that the trial court's finding that defendant was unable to identify the discovery she sought for the trial on plaintiff's complaint was contradicted by defendant's statements that she sought "documents and things . . . including case notes and legal research in this matter, her appointment book, and the ability to conduct further discovery that would expand into issues related to her counterclaims." The trial of plaintiff's claim for money owed by defendant presented the straightforward question of whether, under the terms of the parties' contract, defendant owed a debt to plaintiff for legal services. Defendant articulates no relationship between this trial and the discovery of the above-listed items, which she candidly admits were sought in the hopes that they "would expand into issues related to her counterclaims." In addition, defendant does not identify any discoverable material to which she was entitled that could have had an effect on the outcome of the trial on plaintiff's complaint. We conclude that the trial court's finding is supported by competent evidence. We further conclude that, even if defendant had

informed the trial court of specific relevant and admissible matters on which she wanted to conduct discovery, it would not have been an abuse of discretion for the trial court to deny her continuance motion, given that she had failed to file *any* motion or request for discovery during the 11 months that the case was pending.

For the reasons discussed above, we conclude that the trial court did not abuse its discretion by denying defendant's request for a continuance, and that the orders of the trial court should be

AFFIRMED.

Judges STROUD and McCULLOUGH concur.